**ROBERT E. DUNN (7019)**
**HANLON, DUNN and ROBERTSON**
50 South Street
Morristown, New Jersey 07960
Tele: (973) 267-8895 Fax: (973) 267-8666

**JOSEPH J. FELL (4182)**
**JOSEPH J. FELL, P.A.**
159 Morristown Road
Bernardsville, New Jersey 07924
Tele: (908) 696-1000 Fax: (908) 696-1900

RECEIVED CLERK
U.S. DISTRICT COURT

2008 JUL 11 A 10: 57

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMBER ARPAIO, <br><br> Plaintiff, <br><br> v. <br><br> ASHLEY ALEXANDRA DUPRE, JOSEPH FRANCIS, MRA HOLDING, LLC, MANTRA FILMS, INC., JOHN DOES 1 through 10 and ABC CORPORATIONS 1 through 10. <br><br> Defendants. | **COMPLAINT & JURY DEMAND** <br><br> Civil Action No.:_____ |

## COMPLAINT

1. Plaintiff, Amber Arpaio ("Arpaio"), alleges as her complaint against Ashley Alexandra Dupre ("Dupre"), Joseph R. Francis ("Francis"), MRA Holding, LLC ("MRA"), Mantra Films, Inc. ("Mantra"), John Does 1 through 10 and ABC Corporations 1 through 10, inclusive (collectively, jointly and severally hereinafter "Defendants"), as

follows.

## SUBJECT MATTER JURISDICTION AND VENUE

2. This is a civil action in connection with a claim for, *inter alia*, theft of identity and unjust enrichment between the parties herein and pursuant to Title 28 U.S.C. §1332 *et seq.*, jurisdiction in this Court is proper.

## PARTIES AND PERSONAL JURISDICTION

3. Plaintiff, Amber Arpaio is a resident of the State of New Jersey.

4. Defendant, Ashley Alexandra Dupre, is a resident of the State of New Jersey.

5. Defendant, Joseph R. Francis, upon information and belief, is a resident of the State of Nevada and/or the State of California.

6. Defendant, MRA Holding, LLC, is a California limited liability company with its principal place of business within the State of California. Upon information and belief, MRA is authorized to conduct business within the State of New Jersey.

7. Defendant, Mantra Films, Inc., is a Oklahoma corporation with its principal place of business located within Oklahoma and/or the State of California. Upon information and belief, MRA is authorized to conduct business within the State of New Jersey.

## PERSONAL LIABILITY OF BUSINESS OWNERS

8. Defendant, Joseph Francis, agent of Defendant(s) MRA and Mantra, is individually liable for the improper actions and conduct described herein.

9. At all relevant times herein Defendant, Joseph Francis personally participated in and/or had the ability and right to supervise, direct and control the improper conduct and activities alleged in the Complaint.

10. Defendant, Joseph Francis derived direct financial benefits from the improper conduct and activities alleged in the Complaint.

## GENERAL ALLEGATIONS

11. This is a civil action in connection with a claim for theft of identity and unjust enrichment between the Plaintiff and all Defendants.

12. Dupre, had been identified by the media in or about the early part of March, 2008 as the woman identified, known and/or referred to as "Kristen" an individual which was linked to "Client 9" a frequent patron of an upscale prostitution ring.

13. The New York Times, citing unnamed law enforcement sources, reported that Elliot Spitzer, the Governor of the State of New York ("Governor Spitzer"), was in-fact the unnamed "Client 9" cited in a federal affidavit against certain and various suspected ringleaders of a online prostitution ring. After the story was reported by the New York Times to the general public, on March 12, 2008, Governor Spitzer resigned from his political position as the Governor of the State of New York.

14. On or about March 19, 2008, Defendants Francis, MRA and Mantra prepared and presented to the general public, upon the internet and selected internet website ("Defendants' Website Video"), a video which, *inter alia*, depicted Dupre, presenting documentation to Defendant(s) and/or making verbal representations to Defendants that she [Dupre] was in-fact Plaintiff, Amber Arpaio

15. As a result of Defendants' Website Video, Plaintiff received calls from friends and family and other third-parties ("Plaintiff's Information Sources"), claiming/representing that they [Plaintiff's Information Sources] had observed and heard Plaintiff's name reported, in connection with Dupre, by and through various media sources, which media sources included, but were not necessarily limited to print and/or broadcast media as well as contained within and upon various and numerous internet websites. Plaintiff was advised by her Information Sources that Dupre had previously represented herself to be Plaintiff, rather than Dupre, and had further tendered/presented to Defendants, Plaintiff's New Jersey Driver's License ("NJDL"), which NJDL had been issued to Plaintiff and included Plaintiff's personal information and photograph within the same.

16. Defendants, Francis, MRA and Mantra Films, individually and/or collectively, were directly responsible for the presentation and/or dissemination of Defendants' Website Video to the general public. At no time however, relevant herein, was Plaintiff ever contacted by Defendants nor did Plaintiff ever consent and/or agree to the presentation, dissemination and/or use of her [Plaintiff's] name and/or likeness, by Defendants, in connection with media exposure which operated solely for and to the financial and/or commercial advantage of Defendants.

17. Defendants, Francis, MRA, and Mantra were aware and/or knew and/or reasonably should have known that Dupre was in-fact not Plaintiff as Dupre had represented to Defendants and as such Defendants, individually and/or collectively, possessing such knowledge acted in complete and blatant disregard by airing footage of Dupre upon Defendants' Website Video and otherwise during which time she [Dupre] claimed to be Plaintiff.

18. Moreover, Defendants, Francis, MRA and/or Mantra were aware and/or knew and/or reasonably should have known that the NJDL upon presentation by Dupre to Defendants did not belong to Dupre but rather through the exercise of simple and further "due-diligence" belonged to an individual other than Dupre. Defendants' conduct amounts to and constitutes reckless disregard of the truth and/or gross negligence of the information as presented.

19. Defendant Dupre, upon presentation of Plaintiff's NJDL knew that she [Dupre] was not the Plaintiff and further that Plaintiff's NJDL did not belong to her [Dupre] at the time that she [Dupre] tendered Plaintiff's NJDL to Defendants for identification purposes in connection with Dupre's desire and intent that Defendants photograph and videotape her [Dupre] for the financial and/or commercial benefit of Dupre and as well as Defendants.

20. Notwithstanding the fact that Defendants are aware of Dupre's misrepresentations, which representations when made by Dupre were done by Dupre knowing the same to be false, Defendants, Francis, MRA and Mantra have and continue to financially and commercially draw upon and benefit from Dupre's name, image and "notoriety" as the same relates to Plaintiff and all of which proximately resulted from Dupre's unauthorized and improper use of Plaintiff's NJDL.

21. Defendants, Francis, MRA and Mantra have and continue to use Dupre's likeness image in association with Plaintiff for the financial and commercial benefit of Defendants in connection with Defendants' advertisement for the sale of certain videos and DVDs, which videos and DVDs are presently marketed for sale and distribution by Defendants both domestically and internationally.

## FIRST CAUSE OF ACTION

### (Invasion Of Privacy)

22. The Plaintiff, prior to and up to and including the committing of the improper acts of Defendants, as more specifically described herein, lived a quiet and private life, avoided notoriety and publicity, held as precious the privacy of her personal life and never exhibited nor sought to exploit her own name or personality for money, profit or commercial gain.

23. Defendants' improper, willful and maliciously use and release of Plaintiff's name in connection with Plaintiff's NJDL specifically arising from Dupre's improper and unauthorized use of the same has resulted and continues to result in Plaintiff being assumed and/or perceived by the general public to be affiliated with Defendants' videos and DVDs, entitled "Girls Gone Wild", which videos and DVDs include and contain acts of girls, Dupre included, exposing their breasts, buttocks and intimate body parts as well as performing sexual acts ("Defendants' DVD Product"). Further contained within Defendants' DVD Product, includes scenes whereby Dupre represents to be Plaintiff and wherein Dupre presents Plaintiff's NJDL for public viewing.

24. Defendants' DVD Product is marketed, advertised, sold and made readily available for purchase and/or otherwise, to the consumer public.

25. The sale of Defendants' DVD Product is done so solely for Defendants' financial profit and commercial gain.

26. As a direct and proximate result of Defendants' improper conduct as more fully described herein and which conduct amounts to and constitutes an invasion of

Plaintiff's privacy, Defendants have caused and will continue to cause Plaintiff repeated, irreparable injury.

27. As a result of Defendants' malicious and wanton disregard of Plaintiff's legal rights, accordingly, Plaintiff is entitled to recover, in addition to actual damages, punitive and exemplary damages in an amount appropriate to punish and make an example of Defendants.

## SECOND CAUSE OF ACTION

### (Misappropriation of Plaintiff's Name For Defendants' Benefit)

28. Plaintiff repeats and incorporates by reference each and every allegation set forth in Paragraphs 1 through 27, inclusive.

29. The Defendants absent Plaintiff's knowledge, consent and/or authorization negligently, grossly and/or otherwise, released Plaintiff's personal and confidential information by and through the marketing, advertisement and sale of Defendants' DVD Product to the consumer public.

30. Defendants' marketing and advertisement has and continues to be associated with and/or displayed, domestically and internationally, through various media sources including but not limited to numerous internet websites.

31. Defendants' marketing and advertisement, which includes Plaintiff's name and NJDL information continues to be perpetrated by Defendants without Plaintiff's knowledge or consent and without any right or authority on Defendants' part to do so and as such, Defendants' improper actions ands conduct amount to and constitute an invasion by Defendants of Plaintiff's right to be free from unauthorized and offensive publicity and

portraiture of her person.

32. The invasion of Plaintiff's right of privacy, as set forth herein, has resulted in Plaintiff being exposed and suffering from embarrassment, humiliation, injury to Plaintiff's reputation and suffering of severe emotional and mental distress.

33. As a direct and proximate result of Defendants' improper actions and conduct as set forth herein, including but not limited to Defendants' unauthorized and continued unauthorized publication of Plaintiff's name and NJDL information, Defendants have caused and will continue to cause Plaintiff repeated, irreparable injury.

34. As a result of Defendants' malicious and wanton disregard of Plaintiff's legal rights, accordingly, Plaintiff is entitled to recover, in addition to actual damages, punitive and exemplary damages in an amount appropriate to punish and make an example of Defendants.

## THIRD CAUSE OF ACTION

### (Unauthorized Use Of Name For Advertisement)

35. Plaintiff repeats and incorporates by reference each and every allegation set forth in Paragraphs 1 through 34, inclusive.

36. The Defendants, Francis, MRA and Mantra, by and through his/their/its duly authorized agents and representatives, without Plaintiff's prior knowledge and/or consent advertised and continues to advertise through various forms of media, along with the internet, throughout the State of New Jersey, the United States of America and the world, which advertisements depict and contain the Plaintiff's name, information and NJDL.

37. Defendants, Francis, MRA and Mantra utilized Plaintiff's name, information and NJDL as part of his/their/its advertising campaign(s) in order to sell Defendants' DVD Products under the publication name of *Girls Gone Wild*.

38. Defendants' advertising and sale of Defendants' DVD Products amounts to and constitutes an invasion of Plaintiff's right of privacy which violation of privacy arises by and through Defendants' improper conduct.

39. As a direct and proximate result of Defendants' improper actions and conduct as set forth herein, including but not limited to Defendants' unauthorized and continued unauthorized publication of Plaintiff's name and NJDL information, Defendants have caused and will continue to cause Plaintiff repeated, irreparable injury.

40. As a result of Defendants' malicious and wanton disregard of Plaintiff's legal rights, accordingly, Plaintiff is entitled to recover, in addition to actual damages, punitive and exemplary damages in an amount appropriate to punish and make an example of Defendants.

## FOURTH CAUSE OF ACTION

### (Defamatory Injury To Reputation)

41. Plaintiff repeats and incorporates by reference each and every allegation set forth in Paragraphs 1 through 40, inclusive.

42. Defendants' false and defamatory statements of fact, either in writing and/or spoken, about Plaintiff, to a third-person(s) appearing to understand that the communication related to Plaintiff, amounts to tortious negligence.

43. Defendants' conduct was done so knowing that the statement was false and/or was done so in reckless disregard of then statement's(s') truth or falsity.

44. As a direct and proximate result of Defendants' improper actions and conduct as set forth herein, including but not limited to Defendants' unauthorized and continued false statements of fact, written and spoken, Defendants have caused and will continue to cause Plaintiff repeated, irreparable injury.

45. As a result of Defendants' malicious and wanton disregard of Plaintiff's legal rights, accordingly, Plaintiff is entitled to recover, in addition to actual damages, punitive and exemplary damages in an amount appropriate to punish and make an example of Defendants.

## FIFTH CAUSE OF ACTION

### (Punitive Damages From Tortfeasor)

46. Plaintiff repeats and incorporates by reference each and every allegation set forth in Paragraphs 1 through 45, inclusive.

47. Defendants, by and through their improper and tortious conduct are liable to Plaintiff for reasonable and justifiable punitive damages premised upon the fact that the harm suffered by Plaintiff was the direct and proximate result of Defendants' acts and/or omissions.

48. Defendants' acts or omissions were actuated by actual malice and/or accompanied by a wanton and willful disregard of persons who may foreseeably may/might be alarmed by such acts and/or omissions.

49. Additionally, Defendant Francis is individually and vicariously liable for the punitive damages in light of the fact that Defendant Francis specifically authorized, participated in, or ratified the wrongful act, and/or alternatively his [Defendant Francis'] employee(s) who committed the wrongful act or authorized or ratified the wrongful act and

in doing so was so high in authority as to be fairly considered executive in character.

50. As a result of Defendants' malicious and wanton disregard of Plaintiff's legal rights, accordingly, Plaintiff is entitled to recover, in addition to actual damages, punitive and exemplary damages in an amount appropriate to punish and make an example of Defendants.

## SIXTH CAUSE OF ACTION

### (Conspiracy To Commit Tort)

51. Plaintiff repeats and incorporates by reference each and every allegation set forth in Paragraphs 1 through 50, inclusive.

52. Defendants, as a result of their improper and tortious conduct and agreement to enter into a real agreement and/or confederation with a common design to perpetrate a tort for an unlawful purpose or a lawful purpose to be achieved by unlawful means, are liable to Plaintiff by and through equal and vicarious liability in connection with each member/Defendant(s). Accordingly, Defendants are liable to Plaintiff for reasonable and justifiable punitive damages premised upon the fact that the harm suffered by Plaintiff was the direct and proximate result of Defendants' acts and/or omissions.

53. As a direct and proximate result of Defendants' tortious overt acts as set forth herein, by and through one or more of the Defendant conspirators, Defendants have caused and will continue to cause Plaintiff repeated, irreparable injury.

54. As a result of Defendants' malicious and wanton disregard of Plaintiff's legal rights, accordingly, Plaintiff is entitled to recover, in addition to actual damages, punitive and exemplary damages in an amount appropriate to punish and make an example of Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Amber Arpaio, prays for judgment against Defendants, Ashley Alexandra Dupre, Joseph R. Francis, MRA Holding, LLC, Mantra Films, Inc., John Does 1 through 10 and ABC Corporations 1 through 10, inclusive (collectively, jointly and severally hereinafter "Defendants"), and each of them, as follows:

1. As to the First Cause of Action for Invasion Of Privacy against Defendants Ashley Alexandra Dupre, Joseph R. Francis, MRA Holding, LLC, Mantra Films, Inc., and John Does 1 through 1 and ABC Corporations 1 through 10 for compensatory and special damages according to proof at trial; and

2. As to the Second Cause of Action for Misappropriation of Plaintiff's Name For Defendants' Benefit against Defendants Ashley Alexandra Dupre, Joseph R. Francis, MRA Holding, LLC, Mantra Films, Inc., and John Does 1 through 1 and ABC Corporations 1 through 10 for:

    A. Compensatory and special damages according to proof at trial; and

    B. Punitive damages according to proof at trial.

3. As to the Third Cause of Action for Unauthorized Use Of Name For Advertisement against Defendants Ashley Alexandra Dupre, Joseph R. Francis, MRA Holding, LLC, Mantra Films, Inc., and John Does 1 through 1 and ABC Corporations 1 through 10 for:

    A. Compensatory and special damages according to proof at trial; and

    B. Punitive damages according to proof at trial.

4. As to the Fourth Cause of Action for Defamatory Injury To Reputation against Defendants Ashley Alexandra Dupre, Joseph R. Francis, MRA Holding, LLC, Mantra Films,

Inc., and John Does 1 through 1 and ABC Corporations 1 through 10 for:

        A.      Compensatory and special damages according to proof at trial; and

        B.      Punitive damages according to proof at trial.

5.      As to the Fifth Cause of Action for Punitive Damages From Tortfeasor against Defendants Ashley Alexandra Dupre, Joseph R. Francis, MRA Holding, LLC, Mantra Films, Inc., and John Does 1 through 1 and ABC Corporations 1 through 10 for:

        A.      Compensatory and special damages according to proof at trial; and

        B.      Punitive damages according to proof at trial.

6.      As to the Sixth Cause of Action for Conspiracy To Commit Tort against Defendants Ashley Alexandra Dupre, Joseph R. Francis, MRA Holding, LLC, Mantra Films, Inc., and John Does 1 through 1 and ABC Corporations 1 through 10 for:

        A.      Compensatory and special damages according to proof at trial; and

        B.      Punitive damages according to proof at trial.

On all Causes of Action, for costs and attorneys' fees for prosecuting this action along with pre and post judgment interest, costs to the extent permitted by contract, statute or law.

7.      On all Causes of Action, for such other and further relief as the Court may determine to be just and proper.

                                    Respectfully submitted,

                                    HANLON, DUNN and ROBERTSON

                                    By: _____
                                    ROBERT E. DUNN (7019)
                                    50 South Street
                                    Morristown, New Jersey 07960
                                    Tele: (973) 267-8895 Fax: (973) 267-8666
                                    Attorneys For Plaintiff, Amber Arpaio

DATED: June 23, 2008