JOSEPH J. FELL & ASSOCIATES, LLC
JOSEPH J. FELL, ESQ.
17 Farinella Drive
East Hanover, New Jersey 07936
Telephone:  (908) 803-7007
Facsimile:   (908) *Attorney for Plaintiff Amber Arpaio*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## TRENTON VICINAGE

| | |
|---|---|
| **AMBER ARPAIO,** ) | |
| ) | **CASE NO. 3:08-cv-03548-JAP-LHG** |
| ) | |
| **Plaintiff,** ) | **CIVIL ACTION** |
| ) | |
| **v.** ) | |
| ) | |
| **ASHLEY ALEXANDER DUPRE,** ) | **PLAINTIFF'S NOTICE TO COURT OF** |
| **JOSEPH FRANCIS MRA** ) | **DEFENDANT JOSEPH FRANCIS'** |
| **HOLDING, LLC, MANTRA** ) | **LETTER REGARDING FRANCIS'** |
| **FILMS, INC., et al,** ) | **NON-ATTENDANCE AT MARCH 23,** |
| ) | **2015 COURT-ORDERED PERSONAL** |
| ) | **JURISDICTION DEPOSITION AND** |
| ) | **DOCUMENT PRODUCTION  IN** |
| **Defendants.** ) | **LOS ANGELES, CALIFORNIA** |
| ) | |

### TO THE HON. JUDGE LOIS GOODMAN:

As the Court is aware, on January 30, 2015, the Court entered an Order in the

above-styled matter providing as follows:

**"ORDERED,** that unless otherwise agreed in writing as to a different time or
location,  Defendant [Francis] shall be deposed on Monday, March 23, 2015, in

1

Room 917 of the United States Courthouse for the Centra District of California located at 312 N. Spring Street, Los Angeles, California 90012.  In no event is the deposition to be delayed beyond March 23, 2015, but if the date or location are changed, counsel and defendant are to notify the undersigned of the new date or location so that it may be ordered and also notify the California court promptly to cancel the room reservation.  The deposition shall begin at 9:30 A.M.  Pacific Time and shall be limited to the topics set forth in the December 3, 2013 and March 28, 2014 Notices of Deposition, which appear at Docket Entry Nos. 70 and 101, respectively.  At the deposition, the Defendant is instructed to produce the documents listed on the Exhibit.  Failure to appear for his deposition or to produce the responsive documents may result not only in the imposition of a sanction in the form of a finding of personal jurisdiction, but also in an order imposing on Defendant Plaintiff's costs incurred in preparing for and attending the deposition of the Defendant;"
**January 30, 2015 Order of the Court**, Dkt. No. 108, attached hereto as **Exhibit A**.

On March 20, 2015, Joseph J. Fell, Esq., attorney of record for plaintiff Amber Arpaio ("Plaintiff"), received a facsimile letter dated March 18, 2015, purportedly from Defendant Joseph  Francis.  A true copy of such facsimile letter from Mr. Francis is attached hereto as **Exhibit B**.

Mr. Francis letter states that, because [Francis] "permanently resides in Mexico, [Francis] has had to turn in [Francis'] U. S. passport to the Mexican authorities to obtain residency."  Defendant Francis then states "[b]ecause of this, I am not able to travel to California for the deposition."  **Exhibit B**, Letter of Defendant Francis, para. 1.

Defendant Francis' letter then requests, at the eleventh hour before the

Defendant's Court-scheduled, personal jurisdiction deposition/document production in Los Angeles, California, set for 9:30 A.M. on March 23, 2015, that the Court-ordered deposition/document production take place **not as ordered by the Court**, but that such deposition/document production "occur telephonically." **Exhibit B**, Letter of Defendant Francis, para. 1.

Defendant's letter gives no indication as to Defendant intends to comply with the Court-ordered document production required to take place at Defendant's deposition, nor does Defendant Francis make any suggestion as to how Defendant Francis is to be cross-examined on Plaintiff's documentary exhibits at such "telephonic deposition.

Moreover, Defendant Francis' letter makes belated objection to certain unidentified documents specified in Plaintiff's Notices of Deposition, on the grounds that "such documents are not relevant to the jurisdictional questions of whether [Francis] has sufficient contacts with the State of New Jersey for the District Court to have personal jurisdiction." **Exhibit B**, Letter of Defendant Francis, para. 2.

Plaintiff's counsel has received no other or prior communications from the Defendant or any person acting on behalf of the Defendant regarding the Defendant's Court-ordered deposition/document production since the entry of the Court's Order on January 30, 2015.

3

Plaintiff's counsel is not aware that Defendant has filed any Motion for Protective Order of other motion with the Court with respect to Defendant's Court-ordered March 23, 2015. deposition/document production in Los Angeles, nor has Plaintiff's counsel discussed or agreed to any change or modification to the Defendant's March 23, 2015 deposition/document production as ordered by the Court.

In fact, Plaintiff's co-counsel, Robert Dunn, Esq., has made extensive planning and preparation, and has incurred substantial expense and costs to ensure Plaintiff's full compliance with the Defendant's Court-ordered, personal jurisdiction deposition/document production in Los Angeles, California, as ordered and scheduled by the Court for 9:30 A.M. on March 23, 2015, including advance costs of arranging for non-refundable airfare to and from New Jersey to Los Angeles, appropriate Court reporter reservation and recording fees, as well as hotel costs, and related expenses.

Accordingly, given the obvious bad faith of Defendant's eleventh-hour attempt to unilaterally change the terms of the Court-ordered deposition/document production scheduled by the Court for March 23, 2015, combined with the complete absence of any prior consultation by Defendant Francis with Plaintiff's counsel on the subject, and in the absence of any timely filing by Defendant Francis of an appropriate Motion for Protective Order, unless otherwise ordered by the Court, Plaintiff's

counsel intends to proceed to travel to California to take the deposition of Defendant Francis as ordered by the Court and/or to make a proper record of Defendant's non-attendance and non-compliance with the Court's January 30, 2015 Order thereat.

Plaintiff hereby reserved the right to file additional and further motions for sanctions against Defendant Francis for Francis' non-compliance with the January 30, 2015 Order of the Court regarding Defendant's personal jurisdiction deposition/document production in Los Angeles, California, as scheduled by the Court for 9:30 A.M. on March 23, 2015, and/or for Defendant Francis' non-attendance thereat, as provided by the Court's January 30, 2015 Order in the above-styled matter.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment for perjury.

Dated: March 20, 2015.

JOSEPH J. FELL (4182)
Attorney for Plaintiff Amber Arpaio

JOSEPH J. FELL & ASSOCIATES, LLC
JOSEPH J. FELL, ESQ.
17 Farinella Drive
East Hanover, New Jersey 07936
Telephone: (908) 803-7007
Facsimile: (908) *Attorney for Plaintiff Amber Arpaio*

5

# EXHIBIT "A"

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AMBER ARPAIO,** | Civil Action No. 08-3548 (JAP)(LHG) |
| Plaintiff, | |
| v. | |
| **ASHLEY ALEXANDRA DUPRE,** *et al.*, | **<u>ORDER</u>** |
| Defendants. | |

This matter is opened to the Court by way of a motion filed by Plaintiff Amber Arpaio ("Plaintiff") for sanctions against Defendant Joseph Francis (the "Motion"). [Docket Entry No. 96]. Plaintiff later supplemented her original brief with an additional affidavit. [Docket Entry No. 97-2]. Defendant Joseph Francis ("Defendant") submitted a memorandum in opposition to the Motion. [Docket Entry No. 101]. Plaintiff has not filed any reply.[1] The Court has considered the moving and responding papers without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, and for good cause shown, Plaintiff's Motion is denied.

### I.    FACTS & PROCEDURAL HISTORY

Because the parties are familiar with the facts underlying this suit, the Court only addresses those facts relevant to the Motion. On June 11, 2013, the Third Circuit vacated an order denying Defendant's motion to vacate the entry of default judgment and remanded the

---

[1] On November 21, 2014, counsel for Plaintiff filed a certificate of service of several discovery demands. [Docket Entry No. 104]. In response to a Letter Order seeking clarification as to whether this filing was intended to pertain to the Motion [Docket Entry No. 105], Plaintiff advised that the November 21 certification does not relate to or have any impact on the Motion. [Docket Entry No. 106]. By submission dated January 12, 2015, entitled "Notice of Non-Receipt of Items Claimed Served by Plaintiff (the "January 12, 2015 Notice") [Docket Entry No. 107], Defendant denies receipt of the November 21, 2014 service. As set forth in this decision, the Court deems there has been sufficient service of certain discovery and does not further address the November 21, 2014 service.

**ORDERED** that, unless otherwise agreed in writing as to a different time or location, Defendant shall be deposed on Monday, March 23, 2015, in Room 917 of the United States Courthouse for the Central District of California located at 312 N. Spring Street, Los Angeles, California 90012.  In no event is the deposition to be delayed beyond March 23, 2015, but if the date or location are changed, counsel and Defendant are to notify the undersigned of that new date or location so that it may be ordered and also notify the California court promptly to cancel the room reservation.  The deposition shall begin at 9:30 a.m. Pacific Time and shall be limited to the topics set forth in the December 3, 2013, and March 28, 2014 Notices of Deposition, which appear at Docket Entry Nos. 70 and 101, respectively.  At the deposition, Defendant is instructed to produce the documents listed on the Exhibit.  Failure to appear for his deposition or to produce the responsive documents may result not only in the imposition of a sanction in the form of a finding of personal jurisdiction, but also in an order imposing on Defendant Plaintiff's costs incurred in preparing for and attending the deposition of Defendant; and it further

**ORDERED** that Plaintiff shall notify the undersigned if Defendant fails to comply with any aspect of this Order, in which case the Court will allow Plaintiff to renew her request for sanctions based upon a supplementation of the record.


**LOIS H. GOODMAN**
**United States Magistrate Judge**

**EXHIBIT "B"**

Joseph R. Francis
c/o Ronald D. Tym
7120 Carlson Circle, #263
Canoga Park, CA 91303
Fax: 818-337-2026

March 18, 2015

VIA FACSIMILE-1-908-696-1900
Joseph J. Fell, Esq.
17 Farinella Drive
East Hanover, NJ 07936

Re:     Arpaio v. Dupre et al, Case No. 08-cv-3548 –PGS-LHG
        Deposition Scheduled for March 23, 2015

Mr. Fell:

    With regard to my deposition scheduled for March 23, 2015 in Los Angeles, California,
please be advised that I currently permanently reside in Mexico and have had to turn my U.S.
passport into Mexican authorities to obtain residency. Because of this, I am not able to travel to
California for the deposition. Therefore, pursuant to FRCP 30(b)(4), I request that the deposition
occur telephonically. I am available on the day and time original scheduled or can make myself
available on another date at your convenience.

    Be further advised, that I object to production of the documents set forth in the Notices of
Deposition because such documents are not relevant to the jurisdictional questions of whether I
have sufficient contacts with the State of New Jersey for the District Court to have personal
jurisdiction.

    At the deposition, I will also be objecting to any questions that do not relate to the nature
of my contacts with the State of New Jersey.

    This letter should be considered a "meet and confer" required by FRCP 26(c)(1). If I do
not receive confirmation from you in writing by 5:00 p.m. Eastern Time March 19, 2015 that the
deposition will occur telephonically and that you agree to limit the deposition to those matters
relating to jurisdiction, I will instruct my California attorney to immediately file a motion for a
protective order from the United States District Court for the Central District of California
pursuant to FRCP 26(c)(1) and demand that the deposition be suspended while seeking the
protective order as provided in FRCP 30(d)(3)(A).

    Please be advised that I can be reached by email at press@meetjoefrancis.com or by
telephone at 310-440-1430.

Sincerely,

Joseph R. Francis

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
DIVISION OF TRENTON

| | |
|---|---|
| AMBER ARPAIO, | ) |
| | ) CASE NO. 3:08-CV-03548 (JAP-LHG) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ASHLEY ALEXANDRA DUPRE, | ) |
| JOSEPH FRANCIS, MRA | ) |
| HOLDINGS, LLC, MANTRA | ) |
| FILMS, INC et al, | ) |
| | ) |
| Defendants. | ) |

## <u>CERTIFICATE OF SERVICE</u>

Now comes counsel for plaintiff AMBER ARPAIO, and in compliance with Local Rule 26(1)(c)(1), hereby files this its Certificate of Service of the following document:

(1)    March 20, 2015 Letter of Plaintiff's Counsel to the Court.

The undersigned counsel for the Plaintiff hereby certifies that a true and correct copy of the above-described document was served on this 20th day of March, 2015, by electronic service via U.S. District Court of New Jersey to:

1

Abraham Neuhaus, Esq.
1222 Ave. M, Suite 207
Brooklyn, New York 11230
Fax:   (646) 349-1381
Email:      AN@NEUYAC.COM

and by sending a true and correct copy of the same, via U.S. Mail, First Class postage

prepaid, to:

Mr. Joseph Francis
c/o 7120 Carlson Circle #263
Canoga Park, CA 91303

This 20th day of March, 2014.

JOSEPH J. FELL & ASSOCIATES, LLC
JOSEPH J. FELL, ESQ.
17 Farinella Drive
East Hanover, New Jersey 07936
Telephone:  (908) 803-7007
Facsimile:  (908) A
*Attorney for Plaintiff Amber Arpaio*

By:_____
                    JOSEPH J. FELL

2