UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF NEW JERSEY
TRENTON VICINAGE

AMBER ARPAIO,

          Plaintiff,

v.

ASHLEY ALEXANDER DUPRE,
JOSEPH FRANCIS, MRA HOLDING, LLC,
MANTRA FILMS, INC et al,

        Defendants

No: 3:08-CV-03548 (PGS-LHG)

CIVIL ACTION

RECEIVED

APR 13 2015

AT 8:30_____M
WILLIAM T. WALSH
CLERK

**REPLY BRIEF
IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER**

JOSEPH FRANCIS
7120 Carlson Circle, #263
Canoga Park, CA 91303

*Pro Se*

April 10, 2015

## TABLE OF CONTENTS

I.      APPROPRIATENESS OF THE MOTION FOR PROTECTIVE ORDER.........................1

II.     THE TEMPORARY SURRENDER OF A PASSPORT IS REQUIRED
WHEN APPLICATION FOR PERMENANT RESSIDENCY IS MADE
FROM WITHIN MEXICO ...........................................................................................2

III.    FRANCIS SHOULD NOT BE SANCTIONED OR HELD IN CONTEMPT
FOR FAILURE TO COMPLY WITH AN ORDER WHEN HE WAS
UNABLE TO SO COMPLY...........................................................................................3

IV.    CONCLUSION ...............................................................................................................3

## I.   APPROPRIATENESS OF THE MOTION FOR PROTECTIVE ORDER

Counsel for Plaintiff argues in Plaintiff's Opposition that it was improper for Defendant Joseph Francis ("Francis") to file the present Motion for a Protective Order because this Court had already ordered on January 30, 2015 that Francis attend the deposition on March 23, 2015.

However, a Motion for Protective Order was the only way for Francis to be able to bring to this Court's attention in a timely manner the extenuating circumstances surrounding his non-appearance for the court-ordered deposition.

Plaintiff suggests that Francis should have instead appealed the January 30, 2015 order. However, that was not a proper solution because (1) discovery orders are not generally appealable (*Church of Scientology v. United States*, 506 U.S. 9, 18, n.11 (1992); and (2) there was nothing inherently objectionable or appealable about the January 30, 2015 order. The only problem that Francis had was due to facts that arose well after the January 30, 2015 order; namely, his United States Passport had not yet been returned and so he was not lawfully able to travel to the United States for the deposition.

Similarly, a Motion for Reconsideration of the January 30, 2015 order was not an appropriate means of bringing the circumstances of Francis' non-appearance to this Court's attention. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985).

Perhaps a Motion for Reconsideration should have been brought with respect to the objections to the scope of documents sought to be produced at the deposition, but even that is debatable since this Court never expressly considered or ruled upon the appropriateness of the scope of documents sought.

If Francis had done nothing to bring the reasons for his non-appearance to the

attention of this Court, the Court's January 30, 2015 order provided that all Plaintiff had to do was merely report Francis' non-appearance to the Court and that the Court would allow Plaintiff to renew her requests for sanctions.

The Motion for Protective Order was the means for Francis to bring to this Court's attention the legitimate reasons for his non-appearance at the court-ordered deposition and also bring to the Court's attention that he: (1) had notified counsel for Plaintiff in writing several days ahead of the deposition that he could not physically attend the deposition and the reasons why, and (2) provided a phone number and email address at which he could be directly reached, and that counsel for Plaintiff made not attempts to contact him.

If this Court still feels that a Motion for Protective Order was not the appropriate means to bring the issues raised to the Court's attention, then this Court should consider Francis' Motion as a Motion for Reconsideration or whatever other type of procedural mechanism the Court believes would be the proper motion to raise such issues with the Court.

## II.    THE TEMPORARY SURRENDER OF A PASSPORT IS REQUIRED WHEN APPLICATION FOR PERMENANT RESSIDENCY IS MADE FROM WITHIN MEXICO

In Plaintiff's Opposition, counsel for Plaintiff claims to have spoken with an official at the Mexican Consulate (presumably located in Atlanta Georgia, since the area code provided by such Plaintiff's counsel in his Declaration for the official is a 404 area code). According to counsel for Plaintiff, he was informed by such official that the Mexican Consulate would never require a United States citizen to surrender their passport as part of an application for a visa or residency.

Besides the fact that such statements are hearsay and therefore inadmissible, the alleged statements are correct only with respect to applications for visas and/or residency submitted by US Citizens, while still in the United States, to Mexican Consulates located

in the United States.

With respect to applications for residency submitted to Mexican Officials IN MEXICO while a United States citizen is IN MEXICO, such persons are required to temporarily surrender their passport while the application for residency is being processed. Francis reconfirms that he was required, and did, temporarily surrender his passport to Mexican authorities and that such passport has not yet been returned. See, Supplemental Declaration of Joseph Francis attached hereto as Exhibit E.

**III.   FRANCIS SHOULD NOT BE SANCTIONED OR HELD IN CONTEMPT FOR FAILURE TO COMPLY WITH AN ORDER WHEN HE WAS UNABLE TO SO COMPLY**

Francis was unable to comply with this Court's January 30, 2015 Order because he did not have his passport and therefore was unable to travel into the United States from Mexico.

A court may not impose punishment "in a civil contempt proceeding when it is clearly established that the alleged contemnor is unable to comply with the terms of the order." *Hicks v. Feiock*, 485 U.S. 624, 638, n. 9, 108 S.Ct. 1423, 99 L.Ed.2d 721 (1988).

**IV.   CONCLUSION**

For these reasons, and the reasons set forth in the original Memorandum of Francis, this Court should issue the protective order requested.

DATED: April 10, 2015

By: _____
JOSEPH FRANCIS, Defendant
Pro Se

## SCHEDULE OF EXHIBITS

| Exhibit | Description |
|---------|-------------|
| E | Supplemental Declaration of Joseph Francis |

EXHIBIT E

## DECLARATION OF JOSEPH FRANCIS

I, Joseph Francis, hereby declare as follows:

1.      I am the defendant in the present action. I am over the age of 18 and competent to testify to the matters in this declaration because I have personal knowledge of such matters.

2.      I confirm again that when I applied for residency in Mexico, while I was physically in Mexico, I was required to temporarily surrender my United States Passport and that it was not returned prior to the March 23, 2015 deposition date and has stil not yet been returned.

I declare the foregoing under penalty of perjury under the laws of the United States of America.

April 10, 2015

Joseph Francis

CERTIFICATE OF SERVICE

RONALD TYM hereby declares the following under penalty of perjury:

On April 10, 2015, I caused a copy of the foregoing **REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** and all exhibits thereto to be mailed by first class mail postage prepaid to the following:

Joseph J. Fell, Esq.
17 Farinella Dr.
East Hanover, NJ 07936

DATED: April 10, 2015

Ronald D. Tym

# PRIORITY ★ MAIL ★ EXPRESS™

**OUR FASTEST SERVICE IN THE U.S.**

WHEN USED INTERNATIONALLY, A CUSTOMS DECLARATION LABEL MAY BE REQUIRED.



EP13F July 2013  OD: 12.5 x 9.5



PS10001000006

This envelope is made from post-consumer waste. Please recycle - again.

WRITE FIRMLY TO MAKE ALL COPIES LEGIBLE.

**CUSTOMER USE ONLY**
FROM: (PLEASE PRINT)  PHONE (   )
Joseph French
c/o Powell Tym
7120 Corbin Circle #263
Canoga Park, CA 91303

**PAYMENT BY ACCOUNT (if applicable)**

**DELIVERY OPTIONS (Customer Use Only)**
☐ SIGNATURE REQUIRED
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available)
☐ 10:30 AM Delivery Required (additional fee, where available)

TO: (PLEASE PRINT)  PHONE (   )
Clerk
US District Ct.
402 E. State Street, Room 2020
Trenton, NJ 08608

ZIP + 4® (U.S. ADDRESSES ONLY)
0 8 6 0 8 - __

- For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
- $100.00 insurance included.

EK795682354US



**UNITED STATES POSTAL SERVICE** ®  **PRIORITY ★ MAIL ★ EXPRESS™**

**ORIGIN (POSTAL SERVICE USE ONLY)**
☐ 1-Day  ☐ 2-Day  ☐ Military  ☐ DPO
PO ZIP Code: 041315   Scheduled Delivery Date: 91811   Postage: $19.99
Date Accepted: 041115   Scheduled Delivery Time: 3:00 PM   Insurance Fee / COD Fee
Time Accepted: 1050 AM   10:30 AM Delivery Fee   Return Receipt Fee / Live Animal Transportation Fee
Weight  lbs. ozs.   Sunday/Holiday Premium Fee   Total Postage & Fees: $19.99
Acceptance Employee Initials

**DELIVERY (POSTAL SERVICE USE ONLY)**
Delivery Attempt (MM/DD/YY) Time ☐AM ☐PM  Employee Signature
Delivery Attempt (MM/DD/YY) Time ☐AM ☐PM  Employee Signature

LABEL 11-B, JANUARY 2014  PSN 7690-02-000-9996  3-ADDRESSEE COPY

+ Money Back Guarantee for U.S. destinations only.

# VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

   **UNITED STATES POSTAL SERVICE** ®

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express™ shipments. Misuse may be a violation of federal law. EP13F © U.S. Postal Service; July 2013; All rights reserved.