JOSEPH J. FELL & ASSOCIATES, LLC
JOSEPH J. FELL, ESQ.
17 Farinella Drive
East Hanover, New Jersey 07936
(908) 696-1000
Attorney for Plaintiff Amber Arpaio

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
DIVISION OF TRENTON

| | |
|---|---|
| AMBER ARPAIO, ) | ) CASE NO. 3:08-CV-03548 (PGS - LHG) |
| ) | ) |
| Plaintiff, ) | ) |
| ) | ) |
| v. ) | ) |
| ) | ) |
| ASHLEY ALEXANDRA DUPRE, ) | ) **NOTICE OF NO OBJECTION FILED** |
| JOSEPH FRANCIS, MRA ) | ) **BY DEFENDANT FRANCIS** |
| HOLDINGS LLC, MANTRA ) | ) **TO SEPTEMBER 9, 2015 ORDER** |
| FILMS, INC et al, ) | ) **RECOMMENDING SANCTIONS** |
| ) | ) **AGAINST DEFENDANT FRANCIS** |
| Defendants. ) | ) |
| ) | |

COMES NOW, plaintiff **AMBER ARPAIO** ("Plaintiff") in the above-styled

matter, and, by and through her undersigned counsel of record, files and serves this

her Notice to the Court that Defendant Francis has failed to file any Objection to the

September 9, 2015 Order of the U. S. Magistrate (Hon. Lois Goodman) in this case,

which Order recommended that Defendant **JOSEPH FRANCIS** be sanctioned,

1

pursuant to Fed. R. Civ. P 37(b)(2)( C), after making the finding of fact that

Defendant Francis had "willfully" "flout[ed] the Court's authority and disregard[ed]

Order after Order" concerning Plaintiff's efforts to obtain personal jurisdiction

discovery. **Dkt. No. 115**, September 9, 2015 Order, p. 19.


### 1.   After considering *Poulis* factors, the September 9, 2015 Order recommended sanctions in the form of (1) award of attorneys' fees and expenses and (2) a factual finding of personal jurisdiction.

The September 9, 2015 Order specifically recommended that Defendant

Francis be sanctioned for his repeated, willful flaunting of Court Orders and

discovery abuse by: (1) awarding Plaintiff her attorneys' fees and reasonable

expenses incurred in fruitless personal jurisdiction discovery efforts frustrated and

thwarted by Francis, as well as attorney fees and reasonable expenses incurred in

responding to Francis' unwarranted "motion for protective order;" and

(2), recommending that a further sanction be imposed, in the form of a factual finding

of the Court's personal jurisdiction over Defendant Francis.   Order, **Dkt. No. 115**,

p. 19.


### 2.   Defendant Francis should be held in Civil Contempt.

Additionally, however, as set forth in Plaintiff's Supplemental Brief filed and

served on September 23, 2015, given the egregiousness of Defendant Francis'

misconduct and willful disregard of personal jurisdiction discovery Orders in this

case, Plaintiff has requested the additional sanction, based upon the findings of fact

and conclusions of law set forth in the September 9, 2015 Order, that the District

Judge hold Defendant Joseph Francis in civil contempt pursuant to Fed. R. Civ. P.

37(b)(2)(A)(vii), due to Francis' repeated knowing and willful disregard for and

flouting of Court Orders, including personal jurisdiction discovery Orders, entered in

this case.  **Dkt. No. 116**, Plaintiff's Supplemental Brief, p. 12.

### 3.    Plaintiff has shown Proof of Court's Personal Jurisdiction over Defendant Francis.

Notwithstanding Defendant Francis' repeated bad-faith efforts to obstruct or

thwart Plaintiff's personal jurisdiction discovery efforts in this case, the Plaintiff has

been able to amass more than sufficient admissible evidence proving this Court may

properly exercise personal jurisdiction over Francis, due to Francis' demonstrated

systematic and intentional contacts with the State of New Jersey in this case,

including but not limited to Francis' contacts with his co-defendant, Ashley Dupre, a

citizen of New Jersey, and other intentional contacts with New Jersey by Defendant

Francis (which contacts are the crux of this case), by means of television, radio, and

3

newspaper promotional activities, as well as Internet web sites, by which Defendant Francis sought to promote his own notoriety and public visibility in New Jersey and elsewhere, as set forth in Ms. Dupree's Declaration attached to Plaintiff's Supplemental Brief as **Exhibit 5**. **Dkt. No. 116**, Plaintiff's Supplemental Brief, Exhibit 5, pp. 1 - 6.

4. **Defendant Francis has not objected to any of the U. S. Magistrate's recommendations set forth in the September 9, 2015 Order.**

Defendant Francis has failed to file any objection to the September 9, 2015 Order within the fourteen (14) day period allowed therefor by Local Rule 72.1( c)(2).

Moreover, Defendant Francis has not filed any request for an extension of time for the filing of such objection as provided by Local Civil Rule 6.1.

5. In light of the findings of fact and recommendations set forth in the September 9, 2015 Order, and given the absence of any objection filed by Defendant Francis thereto, the Plaintiff is entitled to the entry of an Order by the District Judge awarding the Plaintiff the following relief:

(A), that the District Judge review the Declaration of co-defendant Ashley Dupree, attached as **Exhibit 5** to Plaintiff's September 23, 2015

Supplemental Brief **(Dkt. No. 116)**, and thereafter make a finding of fact that such Declaration is sufficient and compelling evidence that the Court may properly exercise personal jurisdiction over Defendant Francis, given Defendant Francis' systematic and intentional actions in personally reaching out to Ms. Dupree, a New Jersey citizen, by which actions Francis attempted to gain notoriety for himself and to promote himself and his products in New Jersey by "free-riding" on the notoriety of Ms. Dupree's insalubrious involvement with former New York governor Eliot Spitzer;

(B),     that the District Judge review and thereafter adopt, in their entirety, the findings of fact and conclusions of law set forth in the September 9, 2015 Order of the Court, recommending that Defendant **JOSEPH FRANCIS** be sanctioned, pursuant to Fed. R. Civ. P 37(b)(2)( C), for Francis' "willful" "flouting the Court's authority and disregard [for] Order after Order" concerning Plaintiff's efforts to obtain personal jurisdiction, in the form of:  (1), an award to Plaintiff of her attorneys' fees and reasonable expenses; and  (2), for a finding of personal jurisdiction (Order, **Dkt. No.  115**, p. 19);

( C)    that the District Judge review and thereafter adopt, in all its particulars,

the recommendation of the September 9, 2015 Order that the Plaintiff be awarded her Attorneys' fees and reasonable expenses incurred in preparing for the March 23, 2015 Court-ordered Los Angeles deposition of Defendant Francis, and for attorneys' fees incurred as a result of Francis' untimely and legally unsupported Motion for Protective Order, and thereafter enter an Order in Plaintiff's favor: (1), approving the Attorney Certifications attached to Plaintiff's Supplemental Brief as **Exhibits 1, 2, and 3 (Dkt. No. 116)**; and (2), thereafter awarding Plaintiff all such attorneys' fees and reasonable expenses, in the amount of **$47,655.00** in attorney fees and **$1,870.00** in reasonable expenses, from Defendant Francis, as an appropriate and necessary sanction pursuant to Fed. Rule Civ. P. 37( c) for Francis' willful and repeated flouting and disregard for Court Orders;

(D)    that the District Judge enter an Order in favor of the Plaintiff and against Defendant Francis, confirming and adopting the recommendation of the September 9, 2015 Order (**Dkt. No. 115**) that this Court's personal jurisdiction over Defendant Francis be deemed established, and that a further Order be entered confirming the finality of the March 3, 2011 Order and Judgment (**Dkt. No. 40**) in Plaintiff's favor and against

Defendant Francis, as well as an award of **postjudgment interest** on such March 3, 2015 Judgment in Plaintiff's favor from such date through the present date pursuant to **28 U.S.C. §1961**;

(E)    given the contumacious conduct of Defendant Francis in this case, and given the Finding that Francis willfully disregarded discovery Orders in this case, Plaintiff is entitled to the entry of an Order by the District Judge, based upon the findings of fact and conclusions of law set forth in the September 9, 2015 Order, that Defendant Joseph Francis be held in civil contempt, due to Francis' demonstrated knowing, willful, and repeated disregard for and flouting of Orders, including personal jurisdiction discovery Orders, entered in this case; and

(F)    for such other and further relief as the District Judge may deem necessary and/or appropriate hereunder.

Dated: September 29, 2015.

_____
JOSEPH J. FELL, ESQ.
Attorney for Plaintiff
Amber Arpaio

JOSEPH J. FELL & ASSOCIATES, LLC
17 Farinella Drive
East Hanover, New Jersey 07936
Telephone: (908) 696-1000

7

## CERTIFICATE OF SERVICE

The undersigned counsel for the Plaintiff hereby certifies that a true and correct copy of the above-described Plaintiff's Notice to the Court was served on this 29th day of September, 2015, by electronic service (ECF) via U.S. District Court of New Jersey to:

> Abraham Neuhaus, Esq.
> 1222 Ave. M, Suite 207
> Brooklyn, New York 11230
> Fax:  (646) 349-1381
> Email:      AN@NEUYAC.COM

and by depositing a true and correct copy of the same, via U.S. Mail, First Class postage prepaid, to:

> Mr. Joseph Francis
> c/o 7120 Carlson Circle #263
> Canoga Park, CA 91303

**Dated**:      September 29, 2015.


_____
JOSEPH J. FELL, ESQ.
Attorney for Plaintiff Amber Arpaio

JOSEPH J. FELL & ASSOCIATES, LLC
17 Farinella Drive
East Hanover, New Jersey 07936
Telephone: (908) 696-1000
Facsimile:  (908) 696-1900